FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 30, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN K. YOUNG,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SPOKANE COUNTY, CITY OF SPOKANE, MAYOR NADINE WOODWARD, COMMISSIONER MARY KUNEY, SHERIFF OZZIE KNEZOVICH, MAINTENANCE JOHN DOES 1-3, ACTING UNDERSHERIFF JOHN DOE and FLOOR SHIFT OFFICERS JOHN DOES 1-3,<br><br>　　　　　Defendants. | NO:  2:23-CV-00030-RMP<br><br>ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2) |

  Plaintiff Steven K. Young, along with two co-Plaintiffs, filed a *pro se* civil rights complaint on January 31, 2023.  ECF No. 1.  The Court severed the claims of each Plaintiff and instructed each one to proceed separately in his own action. ECF No. 4.  The Court then instructed Plaintiff, a prisoner at Spokane County Detention Services, to properly seek leave to proceed *in forma pauperis* under the Prison Litigation Reform Act, 28 U.S.C. § 1915, or to pay the $402.00 filing fee to

ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2) -- 1

1  commence this action as required by 28 U.S.C. § 1914(a).  ECF No. 5.  That Order,

2  addressed to Plaintiff at Spokane County Detention Services, was returned as

3  undeliverable on March 30, 2023, with notations of "deceased," and "unable to

4  forward."  ECF No. 6.

5   Local Civil Rule 41(b)(2) requires a *pro se* litigant to keep the Court and

6  opposing parties advised as to his current mailing address.  If mail directed to a *pro*

7  *se* plaintiff is returned by the Postal Service, he has sixty (60) days to notify the

8  Court and opposing parties of his current address or the Court may dismiss the

9  action.  LCivR 41(b)(2).

10   The Court has an interest in managing its docket and in the prompt

11  resolution of civil matters.  *See Destfino v. Reiswig,* 630 F.3d 952, 959 (9th Cir.

12  2011) (affirming district court's inherent power to control its docket); *see also*

13  *Pagtalunan v. Galaza,* 291 F.3d 639, 642–44 (9th Cir. 2002) (discussing factors to

14  consider in dismissing a claim for failure to prosecute or failure to comply with

15  court order, including the public's interest in expeditious resolution, the court's

16  need to manage docket, and the risk of prejudice to defendants).  Plaintiff's mail

17  has been returned; no one has asserted a right to proceed on Plaintiff's behalf; and

18  the Court has not been apprised of a current address.

19   Accordingly, **IT IS ORDERED** that this action is **DISMISSED** without

20  prejudice pursuant to LCivR 41(b)(2).  The Court certifies pursuant to 28 U.S.C. §

21

1915(a)(3) that any appeal of this Order could not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order, enter judgment, forward copies to Plaintiff at the address provided, and **CLOSE** the file.

**DATED** May 30, 2023.

                                          *s/ Rosanna Malouf Peterson*
                                       ROSANNA MALOUF PETERSON
                                       Senior United States District Judge

ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2) -- 3